```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WAYNE ROSE,                                                           ORDER

                                Plaintiff,                            13-CV-2649 (NGG) (LB)

        -against-

MAGGIO CORPORATION, TWIST PRETZEL
CO., CHAPEL BANKS INVESTMENT, INC.,
DIFFERENT TWIST PRETZEL COMPANY
GLOBAL LLC, AUGUST PETER MAGGIO,
and JOAN MAGGIO,

                                Defendants.
-----------------------------------------------------------------X
```

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Wayne Rose brought this diversity action against Defendants alleging breach of contract. (Compl. ¶¶ 1-2.) On June 26, 2013, Plaintiff filed a notarized letter stating: "Plaintiff hereby consents to a voluntary dismissal without prejudice based upon the request from his oncologist as it is a matter of life and death that the plaintiff focus on medical issues at hand, at the present time." (Pl. Ltr. re. Voluntary Dismissal (Dkt. 13).) In response to an Order by Magistrate Judge Lois Bloom, on July 19, 2013, Plaintiff clarified his request by filing a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1). (Notice of Dismissal (Dkt. 23).) On August 8, 2013, Plaintiff then moved to "vacat[e] the Voluntary Dismissal and allow[] plaintiff to [serve] an updated Amended Complaint and allow[] this matter to proceed as appropriate." (Mot. to Vacate (Dkt. 24).) On September 6, 2013, the court referred this motion to Judge Bloom for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Order (Dkt. 25).)

On September 30, 2013, Judge Bloom issued her R&R, recommending that Plaintiff's motion to vacate the order of dismissal be denied. (R&R (Dkt. 27).) No party has objected to Judge Bloom's R&R, and the time to do so has passed. See Fed. R. Civ. P. 72(b)(2). (See also R&R at 4 ("[T]he parties shall have fourteen (14) days from service of this Report to file written objections. . . . Failure to file a timely objection to this Report generally waives any further judicial review.") (citations omitted).) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); cf. 28 U.S.C. § 636(b)(1). Finding no clear error, the court ADOPTS IN FULL the R&R. See Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007).

Accordingly, Plaintiff's motion to vacate the order of dismissal is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
October 21, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge